## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

JANE DOE,

    Plaintiff,

v.                                                                                                    Case No. 2:20-cv-02466

TONTI MANAGEMENT CO, L.L.C.;
SHERRI ROANE;
SALLY BOYER, and
LYNN MONTZ.

    Defendants.

## *EX PARTE* MOTION FOR LEAVE
## TO PROCEED UNDER PSEUDONYM

Plaintiff, Jane Doe, by and through undersigned counsel, respectfully requests this Court grant her leave to proceed anonymously in this litigation.

This case concerns matters of the utmost privacy. Plaintiff, Jane Doe, is an individual with severe and debilitating mental illness, and has filed this action against her housing provider because of discrimination endured based on her disability. To avoid public disclosure of this highly sensitive personal information while seeking redress for the violation of her state and federally protected rights, Plaintiff has filed her Complaint pseudonymously and contemporaneously seeks leave from this Court to proceed anonymously in this action.

Further, Defendants have no special need requiring that Plaintiff use her name in this suit, as Defendants are well aware of Plaintiff's identity. The public's interest in this case is not dependent on, or even aided by, knowledge of Plaintiff's identity. As set forth

below, the potential harm to Plaintiff clearly outweighs any potential interest in full public access to her identity.

Finally, requiring Plaintiff to proceed under her own name would expose her to one of the primary injuries she challenges here: the involuntary disclosure of deeply private, potentially stigmatizing, medical and psychiatric information with individuals outside the doctor/patient relationship. Forcing her to proceed under her true name would deter her from vindicating her civil rights.

## I.    Summary of Factual Allegations

Plaintiff suffers from major depressive disorder, anxiety, and PTSD from a sexual assault in 2017 during college. Her symptoms are so severe that she spends most days in bed and is largely unable to do household chores, such as cooking and cleaning. She even struggles to practice basic hygiene, such as taking regular baths. To help cope with these severe symptoms, Plaintiff's sought to obtain an "assistance animal." *See* U.S. Dept. of Housing and Urban Development, FHEO Notice: FHEO-2020-01, January 28, 2020, available at https://www.hud.gov/sites/dfiles/PA/documents/HUDAsstAnimalNC1-28-2020.pdf?mod=article_inline.

Specifically, Plaintiff requested a reasonable accommodation from her landlord's "one animal" policy, asking that she be able to keep an assistance animal in her apartment. Her therapist penned a letter to her landlord supporting this request. The letter identified Plaintiff's disabilities and stated that the assistance animal would help Plaintiff cope with her symptoms. Rather than engage with the substance of her request, the Defendants accused Plaintiff of forging the letter, asked her invasive questions about

her disabilities and her treatment with her therapist, threatened her with "legal fees" to consider the request, stonewalled the request for three weeks, contacted her therapist without her consent, and ultimately denied the request.

Plaintiff has already suffered harm from the invasive and unnecessary inquiries of her therapist, and she seeks to proceed with this action to seek relief for that and other harms suffered, without subjecting herself to future embarrassment, fear, or stigma. Therefore, for the reasons outlined herein, Plaintiff requests that this Court allow her to proceed anonymously in this litigation.

## II.     Applicable Law

Federal Rule of Civil Procedure 10(a) generally requires that the title of a complaint disclose the names of all parties involved, Fed. R. Civ. P. 10(a), but anonymity is permissible when a plaintiff would be compelled to disclose information of a sensitive or highly personal nature—information of the "utmost intimacy." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981); *see also S. Methodist Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712-13 (5th Cir. 1979). A motion to proceed anonymously is decided by balancing a party's privacy against the public's interest in open judicial proceedings. *See Stegall*, 653 F.2d at 184–86. "Examples of areas where courts have allowed pseudonyms include cases involving abortion, birth control, transsexuality, mental illness, welfare rights of illegitimate children, *AIDS,* and homosexuality." *Doe v. Griffon Mgmt. LLC*, No. CIV.A. 14-2626, 2014 WL 7040390, at *2 (E.D. La. Dec. 11, 2014) (Africk, J.) (quoting *Doe v. Megless,* 654 F.3d 404, 408 (3d Cir. 2011)).

As set forth herein, Plaintiff's mental illnesses and the discrimination and intimidation she has endured because of it weighs in favor of anonymity, and under the applicable law of this Circuit, Plaintiff's motion should be granted.

### A. The sensitive subject matter of the Plaintiff's claims raises issues of the utmost intimacy.

Plaintiff should be permitted to proceed anonymously because the sensitive subject matter of her claims necessitates disclosure of her mental illnesses, which is information of the "utmost intimacy." *Stegall*, 653 F.2d at 185. As noted, preventing the disclosure of "mental illness" is one of the most common reasons for granting leave to proceed under a pseudonym. *See Griffon Mgmt. LLC*, 2014 WL 7040390, at *2. Plaintiff suffers from three mental illnesses. Specifically, her psychiatrist has diagnosed her with major depressive disorder, anxiety, and PTSD caused by a sexual assault. Plaintiff's mental illnesses and history of sexual assault are personal information of the "utmost intimacy" that she discloses to others only when absolutely necessary. *Stegall*, 653 F.2d at 185.

"Courts have permitted plaintiffs to proceed anonymously in cases involving mental illness," concluding that "the social stigma attached to the plaintiff's disclosure was found to be enough to overcome the presumption of openness in court proceedings." *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992); *see also Doe v. Sessions*, No. CV 18-0004 (RC), 2018 WL 4637014, at *4 (D.D.C. Sept. 27, 2018) (noting the "substantial public interest in preventing the stigmatization of litigants with mental illnesses weighing in favor of pseudonymous filing in actions involving such illnesses") (quotation marks

omitted). Among other things, failure to ensure anonymity "would deter civil litigants with mental conditions from 'ever reaching the courthouse steps [to vindicate their rights] for fear of repercussions that would ensue if their condition was made public.'" *Id.* (quoting *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 550 (D.N.J. 2006) (alteration in original)); *see also K.H.B. by & through K.D.B. v. UnitedHealthcare Ins. Co.*, No. C 18-04175 WHA, 2018 WL 4053457, at *2 (N.D. Cal. Aug. 24, 2018) (noting that denying anonymity would "forc[e] claimants to litigate the stigmatizing claims publicly or elect to not pursue recovery."); *T.W. v. New York State Bd. of Law Exam'rs*, No. 16-CV-3029-RJD-RLM, 2017 WL 4296731, at *5 (E.D.N.Y. Sept. 26, 2017) (permitting anonymity for an ADA plaintiff who sought accommodations for mental illness diagnoses); *Doe v. Provident Life & Accident Ins. Co.*, 176 F.R.D. 464, 468 (E.D. Pa. 1997).

Relatedly, denying anonymity will often exacerbate the mental illness at issue. *See, e.g., Doe v. Sessions*, 2018 WL 4637014, at *4 (denying leave to use a pseudonym could "once again . . . traumatize[] [the plaintiff] by the knowledge that his information will remain forever public"); *Doe v. United Behavioral Health*, No. CIV.A. 10- 5192, 2010 WL 5173206, at *3 (E.D. Pa., Dec. 10, 2010) (permitting pseudonym where concerns included "that the stress associated with disclosing [the plaintiff's] mental illness could make it worse"). Requiring Plaintiff to proceed under her own name would drastically exacerbate the injury she claims here: the unnecessary disclosure of deeply private medical information.

### B. Allowing anonymity will cause no harm to the public and no prejudice to the Defendants.

Granting Plaintiff leave to proceed anonymously will not impair the public's interest in open judicial proceedings or prejudice the defendants in this case.

First, a grant of "anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them," and does not destroy the "assurance of fairness preserved by public … trial[s]." *Steagall*, 653 F.2d at 185. That is, "the public will know, among other things, what is alleged to have occurred between [Plaintiff] and Defendants, where and how the alleged actions took place, and how the parties investigated and responded to the alleged actions." *E.E.O.C. v. Care Centers Mgmt. Consulting, Inc.*, No. 2:12-CV-207, 2012 WL 4215748, at *3 (E.D. Tenn. Sept. 18, 2012). Accordingly, allowing anonymity here would not obstruct the public's interest in any significant way.

Second, the Defendants will not be prejudiced by Plaintiff's anonymity. Plaintiff, through her attorney, has already disclosed her identity to the Defendants. Both fundamental fairness and ease of discovery will therefore be unaffected by Plaintiffs' use of pseudonyms, and Defendant will not be prejudiced. *See id.* (noting that plaintiff's proceeding anonymously will not impair defendants, as defendants "have not identified how their ability to conduct discovery, impeach Doe's credibility, or prepare for trial would be meaningfully hindered because a pseudonym has been used in the complaint").

## CONCLUSION

Plaintiff's need for privacy in this case far outweighs the public's interest in knowing her name.  *See Stegall*, 653 F.2d at 186.  Forcing her to publicly identify herself could cause her grave harm and make a debilitating set of mental illnesses even more difficult to handle.  The Defendants already know Plaintiff's identity and will not be prejudiced by her anonymity, and the public will still be able to follow every relevant aspect of the case.  For these reasons, Plaintiff respectfully requests that this Court grant her motion.

WHEREFORE, Plaintiff respectfully moves this Court for leave to proceed anonymously in this litigation.

Respectfully submitted,

September 9, 2020

__/s/ *Chris Edmunds*_____

Chris Edmunds, Counsel for Jane Doe
LBSA: 37670
Chris Edmunds Law Office
4937 Hearst St., Suite 2F
Metairie LA 70001
(504) 314-0034
chrisedmundslaw@gmail.com