UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JANE DOE** | **CIVIL ACTION** |
| **VERSUS** | **No. 20-2466** |
| **TONTI MANAGEMENT CO., LLC, ET AL.** | **SECTION I** |

## ORDER & REASONS

Before the Court is a motion[1] by defendants to reopen the above-captioned case and for relief pursuant to the All Writs Act. Plaintiff opposes the motion.[2] For the reasons below, the Court denies the motion.

### I. FACTUAL BACKGROUND

Plaintiff Jane Doe ("Doe")[3] filed this lawsuit alleging that defendants Tonti Management ("Tonti") and its employees (collectively, "defendants") violated federal and state disability accommodation laws and discriminated against Doe when they refused to allow her to bring a second emotional support cat into the apartment she shared with her boyfriend, and which defendants managed.[4] Because the lease signed by Doe and her boyfriend contained an arbitration clause, this Court granted

---

[1] R. Doc. No. 100.
[2] R. Doc. No. 108.
[3] This Court allowed Doe to proceed under pseudonym. R. Doc. No. 10. In a footnote to defendants' reply in support of the instant motion, they requested that the Court determine "that it is no longer appropriate for Ms. Doe to proceed under a pseudonym." R. Doc. No. 111, at 5 n.5. Plaintiff has had no opportunity to respond to this request, and the Court declines to make any determination on the matter at this time. This order will therefore refer to plaintiff by her pseudonym.
[4] R. Doc. No. 51 (Amended Complaint).

1

defendants' motion to compel arbitration and stayed and administratively closed the case.[5]

The case, however, had a few remaining lives. Shortly after this Court ordered that the dispute between the parties must be arbitrated, Doe moved to reopen the case and sever a cost-splitting provision in the arbitration agreement.[6] This Court denied that motion.[7] Doe appealed that denial to the U.S. Court of Appeals for the Fifth Circuit.[8] The Fifth Circuit denied her appeal, concluding that it lacked jurisdiction to entertain the appeal because, pursuant to § 16(a)(3) of the Federal Arbitration Act ("FAA"),[9] "orders compelling arbitration that stay and administratively close a civil action pending arbitration are interlocutory and unappealable" and "Doe's motion to reopen and sever was, in effect, nothing more than a motion to reconsider the merits of part of the district court's order compelling arbitration."[10] The Fifth Circuit also rejected Doe's argument that appellate jurisdiction existed pursuant to the collateral order doctrine,[11] and further declined to exercise mandamus jurisdiction.[12]

---

[5] R. Doc. No. 81.
[6] R. Doc. No. 83.
[7] R. Doc. No. 91.
[8] R. Doc. No. 92.
[9] 9 U.S.C. § 16(a)(3).
[10] R. Doc. No. 99, at 8.
[11] *Id.* at 9.
[12] *Id.* at 10.

Doe also pursued relief outside the federal courts.[13] She filed a complaint with the U.S. Department of Housing and Urban Development ("HUD"), raising the same factual allegations as those in her federal lawsuit.[14] The HUD complaint was subsequently referred to the Louisiana Attorney General ("the State"). The State investigated Doe's claims and, finding reasonable cause to believe that defendants had violated the Louisiana Equal Housing Opportunity Act ("LEHOA"), the State filed a lawsuit against Tonti in state court.[15] The state court lawsuit does not name individual Tonti employees as defendants.[16]

On September 6, 2022, the state court issued a temporary restraining order enjoining Tonti[17] from collecting further rent from Doe, from retaliating against her for requesting reasonable accommodations, and from using discriminatory housing practices in violation of LEHOA.[18] The state court scheduled a hearing on the State's request for a preliminary injunction for September 9, 2022.[19] On September 8, Tonti

---

[13] Facts regarding the procedural history of this dispute outside federal court are drawn from defendants' motion and exhibits attached thereto. Plaintiff has not disputed the accuracy of the core factual allegations.
[14] R. Doc. No. 108-3.
[15] *See generally* R. Doc. Nos. 100-7, 100-8. The State was aware that Doe had previously filed this federal lawsuit and that this Court had ordered the dispute into arbitration. R. Doc. No. 100-7, at 7 (the State's determination of reasonable cause in Doe's case, noting that "[t]he Attorney General's Office cannot be compelled to arbitrate pursuant to an agreement to which it is not a party.").
[16] R. Doc. No. 100-8.
[17] The state court lawsuit refers to the entity as "APMT Management Services, LLC." *Id.* This Court's previous orders have referred to the same entity as "Tonti." *See, e.g.*, R. Doc. No. 91. The Court will continue to refer to the defendant in the state court case as "Tonti" in this order.
[18] R. Doc. No. 100-3, at 1.
[19] *Id.*

moved to stay the state case on the basis that this federal case was pending between the same parties and that the state case was premised on the same transaction or occurrence.[20] The state court denied that motion in open court, and subsequently issued reasons for its judgment, stating that "the Attorney General's Office cannot be deprived of its statutory right to litigate this case by way of an arbitration agreement between private parties."[21]

Tonti subsequently sought review by the state court of appeals. That court denied Tonti's writ application, concluding that the State "is not appearing in the same capacity as [Doe] in the federal lawsuit.[22]

On September 26, 2022, Tonti "filed a peremptory exception of prescription on the basis that the State's claims were brought after the expiration of the prescriptive period set for in LEHOA."[23] The hearing on that objection was scheduled for September 30, 2022. On September 28, 2022, defendants filed the instant motion to reopen this case and enjoin the state case. Defendants also filed a motion to expedite consideration of this motion, which this Court denied.[24]

## II. LAW AND ANALYSIS

Pursuant to the All Writs Act, "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and

---

[20] R. Doc. No. 100-4 (referencing La. Code Civ. P. art. 532).
[21] R. Doc. No. 100-5, at 2.
[22] R. Doc. No. 100-6, at 2.
[23] R. Doc. No. 100-1, at 4.
[24] R. Doc. Nos. 101, 106.

4

agreeable to the usages and principles of law." 28 U.S.C. § 1651. "Such 'writs' include injunctions against state-court proceedings." *Matthews v. Stolier*, No. 13-6638, 2016 WL 4180868, at*1 (E.D. La. Aug. 8, 2016) (Milazzo, J.); *accord Newby v. Enron Corp.*, 338 F.3d 467, 474 (5th Cir. 2003).

However, a federal court's power to enjoin a state-court proceeding is limited by the Anti-Injunction Act. *Newby*, 338 F.3d at 474. Pursuant to the Anti-Injunction Act, a federal court cannot enjoin a state-court proceeding unless one of the three following preconditions is satisfied: the injunction (1) is expressly authorized by Congress, (2) is necessary in aid of the federal court's jurisdiction, or (3) is necessary to protect or effectuate the federal court's judgments. 28 U.S.C. § 2283; *In re Vioxx Prods. Liab. Litig.*, 869 F. Supp. 2d 719, 724 (E.D. La. 2012) (Fallon, J.) (citing *Smith v. Bayer Corp.*, 564 U.S. 299, at 306 (2011)). These exceptions "are to be interpreted narrowly" and "any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed." *La. Health Serv. & Indem. Co. v. Ctr. for Restorative Breast Surgery, LLC*, No. 17-4171, 2017 WL 2256765, at *2 (E.D. La. May 23, 2017) (Morgan, J.) (citations omitted).

Only the third exception to the Anti-Injunction Act is at issue here. This exception, often called the "relitigation exception," "authorizes an injunction to prevent state litigation of a claim or issue that previously was presented to and decided by the federal court." *Id.* (quoting *Smith*, 564 U.S. at 307). The Fifth Circuit

5

has instructed that four requirements must be satisfied in order for the relitigation exception to apply:

> (1) parties in the later action must be identical to or in privity with the parties in the previous action; (2) judgment in the prior action must have been rendered by a court of competent jurisdiction; (3) the prior action must have concluded with a final judgment on the merits; and (4) the same claim or cause of action must be involved in both suits.

*IDs Prop. Cas. Ins. Co. v. Meeks*, 537 F. App'x 513, 517 (5th Cir. 2013) (quoting *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 273 (5th Cir. 2009)).

Even if all four prerequisites to the relitigation exception are satisfied, the issuance of an injunction against a state court proceeding is "at the discretion of the federal court" and that discretion must be "exercised in the light of the historical reluctance of federal courts to interfere with state judicial proceedings." *Blanchard 1986, Ltd. v. Park Plantation, LLC*, 553 F.3d 405, 407–08 (5th Cir. 2008) (internal quotations and citation omitted).

Turning to the All Writs Act, a party seeking an injunction pursuant to that Act must establish three elements: (1) that the party seeking the injunction has no other adequate means to relief, (2) that the party's right to issuance of the writ is "clear and indisputable," and (3) that the writ is "appropriate under the circumstances." *Bordelon Marine, LLC v. Bibby Subsea ROV, LLC*, No. 16-1106, 2017 WL 396188, at *3 (E.D. La. Jan. 30, 2017) (Africk, J.). "[A]uthority under the All Writs Act 'is to be used sparingly and only in the most critical and exigent circumstances.'" *Moore v. Tangipahoa Par. Sch. Bd.*, 507 F. App'x 389, 398

6

(quoting *Wisc. Right to Life, Inc. v. Fed. Election Comm'n*, 542 U.S. 1305, 1306 (2004)).

## III. DISCUSSION

### a. The Relitigation Exception to the Anti-Injunction Act

Tonti argues that the Anti-Injunction Act does not bar the relief it seeks, because an "injunction is necessary to protect or effectuate this Court's prior order compelling the matter to arbitration."[25] Tonti thus invokes the relitigation exception, but it does not clearly address the four factors that must be satisfied in order for that exception to apply. Doe argues that the relitigation exception is not applicable for two reasons: first, that the federal lawsuit did not conclude with a final judgment on the merits, and second, that state and federal lawsuits do not involve the same claim or cause of action.[26] Though the parties have not done so, the Court addresses all four prerequisites to the relitigation exception.

### i. *Privity of Parties*

First, "the parties in the later action must be identical to or in privity with the parties in the previous action." *IDs Prop. Cas. Co.*, 537 F. App'x at 517. Neither party addresses this requirement. It is undisputed that the parties in the state case are not "identical" to the parties in this case, as the later case was brought by the State of Louisiana, which was not a party to this case, and the individual defendants are not named in the state case. Nevertheless, the relitigation exception may also apply

---

[25] R. Doc. No. 100-1, at 10.
[26] R. Doc. No. 108, at 7.

where the parties to the later case are "in privity with the parties in the previous action." *Id.*

Parties are in privity where "the relationship between the one who is a party on the record and the non-party is sufficiently close" to justify application of the principle of preclusion. *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 677 (5th Cir. 2003), and where "the party [to the first proceeding] adequately represented [the party to the second proceeding's] interest in the prior proceeding." *Liberty Mut. Ins. Co. v. Gunderson*, 305 F. App'x 170, 176 (5th Cir. 2008).

"It is well-settled precedent that a judgment in an action in which a government agency represents private individuals is binding on those individuals." *Vines*, 398 F.3d at 706 (determining that a judgment in a case brought by the EEOC bound individual employees on whose behalf the EEOC brought the lawsuit). However, courts have indicated that "[r]arely will privity be found 'between a private party in one action and a party in a later action when the party in the later action is a governmental agency.'" *U.S. Commodity Futures Trading Comm'n v. Kratville*, 796 F. 3d 873, 889 (8th Cir. 2015) (quoting *EEOC v. Pemco Aeroplex, Inc.*, 383 F.3d 1280, 1290–91 (11th Cir. 2004)). Courts have regularly held that the federal government is not "bound by private litigation when the agency's action seeks to enforce a federal statute that implicates both public and private interests." *United States v. Katz*, No. 10-3335, 2011 WL 2175787, at *5 (S.D.N.Y. June 2, 2011) (citing *Williamson v. Bethlehem Steel Corp.*, 468 F.2d 1201, 1203 (2d Cir.1972)); *accord United States v. Rupp*, No. 19-02644, 2021 WL 2187912, at *3 (E.D. Mo. May 28, 2021) (determining

that HUD was not in privity with private-party plaintiffs in a prior state-court lawsuit, because the statute that HUD was seeking to enforce in the later federal action "empower[ed] the Attorney General to seek civil penalties 'to vindicate the public interest'") (quoting 42 U.S.C. § 3614)).

Here, as both the state trial[27] and appellate[28] courts pointed out, in the state-court lawsuit the State is invoking its authority to enforce LEHOA via Louisiana Statute 51:2614, which provides:

> If, after investigation of a complaint . . . the attorney general finds reasonable cause to believe that any person or group of persons is engaged in resistance to the full enjoyment of any of the rights granted pursuant to [LEHOA] or that any person or group of persons has been denied any of the rights granted pursuant to [LEHOA] . . . he shall bring a civil action in any appropriate state district court requesting relief . . . .

La. Stat. Ann. § 51:2614(a). Doe did not, and could not have, brought claims on her own behalf pursuant to § 51:2614. Private parties must assert a claim via section 51:2613, which allows "an aggrieved person" to file a civil action to enforce LEHOA on their own behalf. *Id.* § 51:2613(a). The State's authority to enforce LEHOA, and its interest in doing so, is much broader than a private individual's, as it may bring a lawsuit to enforce the Act on behalf of or against "any person or group of persons."

Because the State has this broader interest, the Court is not convinced that Doe "adequately represented" the State's interests when she attempted to enforce her individual LEHOA rights in her federal lawsuit. *See Liberty Mut. Ins. Co.,* 305 F.

---

[27] R. Doc. No. 100-5, at 2.
[28] R. Doc. No. 100-6, at 1–2.

App'x at 176. As the parties do not address the privity requirement, they have not identified any cases in which a court determined that a state agency was bound by a prior enforcement action brought by a private individual. The Court expresses doubt as to whether privity is satisfied here, but nevertheless addresses the remainder of the Anti-Injunction Act and All Writs Act analysis.

    *ii.*    *Previous Judgment Rendered by a Court of Competent Jurisdiction*

Neither party disputes that this Court has jurisdiction over Doe's federal lawsuit. This Court has federal question subject matter jurisdiction over Doe's claims pursuant to 28 U.SC. § 1331, since she raised federal-law claims, and supplemental jurisdiction over her state law claims pursuant to 28 U.S.C. § 1367.[29] The second prerequisite to the relitigation exception is therefore satisfied.

    *iii.*    *Final Judgment on the Merits*

Doe argues that this Court's order compelling arbitration is not a final judgment on the merits for purposes of the relitigation exception. Doe points to the Fifth Circuit's determination that it lacked jurisdiction over an appeal of this Court's order compelling arbitration because such an order is not final for purposes of the Federal Arbitration Act.[30] Doe's argument is foreclosed by Fifth Circuit precedent clearly holding that "[a]n order compelling arbitration . . . is a final decision that qualifies as a 'judgment' under the Anti-Injunction Act." *Am. Fam. Life Assur. Co. of*

---

[29] R. Doc. No. 51, ¶ 5.
[30] R. Doc. No. 108, at 8.

10

*Columbus v. Biles*, 714 F.3d 887, 893 (5th Cir. 2013). The third prerequisite to the relitigation exception is therefore satisfied.

### iv. Same Claim or Cause of Action

Doe asserts that the two lawsuits do not involve the same claim or cause of action because the individual defendants are not named in the state lawsuit and the State's enforcement authority is distinct from Doe's.[31] In determining whether the two lawsuits involve the same claim or cause of action for purposes of the relitigation exception, the Fifth Circuit[32] "use[s] a transactional test . . . under which the critical question is not the relief requested or the theory asserted but whether the plaintiff bases the two actions on the same nucleus of operative facts." *Vines v. Univ. of La. at Monroe*, 398 F.3d 700, 709 (5th Cir. 2005) (internal quotation and citation omitted); *La. Health Serv. & Indem. Co.*, 2017 WL 2256765, at *2.

In *Vines*, the Fifth Circuit concluded that a federal age discrimination case brought by the EEOC and a subsequent state age discrimination case brought by individual employees involved the same cause of action, even though the two lawsuits

---

[31] *Id.* at 8.

[32] There is some conflict between the circuits regarding whether this "transactional test" is the appropriate standard for resolving whether two lawsuits raise the same claim or cause of action for purposes of the relitigation exception. Some circuits apply a stricter "actually litigated" standard under which the relitigation exception only applies to "matters actually decided, not matters that *could have been* brought and decided in previous federal litigation." *Blanchard 1986, Ltd.*, 553 F.3d at 408 n.12 (emphasis in original). The Fifth and Ninth Circuits have endorsed the transactional view. *Id.*; *accord Dakota Med., Inc. v. RehabCare Grp, Inc.*, No. 1:14–cv–02081, 2018 WL 646120, at *5 n.6 (E.D. Cal. Jan. 31, 2018) (noting the split). Another Section in this District has recently employed the transactional view. *La. Health Serv. & Indem. Co.*, 2017 WL 2256765, at *2.

11

were brought pursuant to different statutes, because the claims arose "out of precisely the same set of facts [and] raise the same issues." *Id.* at 710. Here, it is clear that the claims raised in the state-court lawsuit and those raised in the federal lawsuit, though they rest on slightly different legal bases, are based on the same factual allegations—that Tonti violated disability laws and discriminated against Doe by refusing her request for accommodation of a second cat. Accordingly, the Court concludes that the fourth prerequisite to the Anti-Injunction Act is satisfied here.

### b. All Writs Act

Assuming that the relitigation exception to the Anti-Injunction Act applies, the Court turns to defendants' request for an injunction pursuant to the All Writs Act. As discussed above, defendants must demonstrate that they have no adequate remedy at law, that they have a clear and indisputable right to a writ, and that such a writ is appropriate under the circumstances. *Bordelon Marine, LLC*, 2017 WL 396188, at *3.

#### i. No Adequate Remedy at Law

Doe argues that defendants have an adequate remedy available at state law because they could appeal the objected-to state court decisions to the Louisiana Supreme Court and, subsequently, the United States Supreme Court. "The appellate process is an adequate remedy at law" for purposes of the All Writs Act. *In re Vioxx Prods. Liab. Litig.*, 2017 WL 2719993, at *4. The Supreme Court has noted that "an injunction is not the only way to correct a state trial court's erroneous refusal to give preclusive effect to a federal judgment" because "the state appellate courts and

12

ultimately this Court can review and reverse such a ruling." *Smith*, 564 U.S. at 307 n.5 (internal quotation and citation omitted). Defendants contend that they should not be required to "demonstrate that [they have] exhausted all potential avenues of discretionary review in state court and beyond," but defendants do not point to any case law in support of that proposition.[33] The Court concludes that further pursuit of the appellate process is an adequate remedy for the harm that defendants assert they are suffering.

> ii. *Clear and Indisputable Right to a Writ*

To show a "clear and indisputable" right to issuance of a writ, defendants must show "a direct affront to a district court's prior order." *Bordelon Marine*, 2017 WL 396188, at *4 (quoting *Moore*, 507 F. App'x at 397) (internal quotations and alteration omitted). A federal court may enjoin state litigation clearly in violation of an order compelling arbitration. *E.g.*, *StrucSure Home Warranty, LLC v. Sulzbach*, No. 4:20-CV-2915, 2021 WL 4240887, at *5 (S.D. Tex. Jan. 25, 2021) (finding, based on a contract between the parties, that an order compelling arbitration was proper, and enjoining a state lawsuit between the same parties to protect that judgment).

The Court concludes that defendants have not shown a clear and indisputable right to the writ. It is true that this Court has ordered that the claims asserted by Doe in this federal case are subject to the arbitration agreement that Doe signed. This Court never determined, however, and defendants do not assert, that the State of

---

[33] R. Doc. No. 111, at 3.

Louisiana signed any such agreement. The Court is not inclined to prevent the State[34] from proceeding with a lawsuit on the basis of an arbitration agreement that the State never signed. *Cf. EEOC v. Waffle House, Inc.*, 534 U.S. 279, 294 ("No one asserts that the EEOC is a party to the contract, or that it agreed to arbitrate its claims. It goes without saying that a contract cannot bind a nonparty.").

### iii. *Appropriate Under the Circumstances*

Finally, the Court is not satisfied that issuance of a writ is appropriate. The All Writs Act "is to be used sparingly and only in the most critical and exigent circumstances." *Moore*, 507 F. App'x at 398. The Court finds it telling that defendants waited to seek this Court's intervention until well after the initiation of the state court lawsuit, and a mere two days before a hearing that had been scheduled for several weeks.[35] This delay hardly supports exigency. Moreover, the Court is mindful that issuing an injunction against a state court "is resorting to heavy artillery." *Smith*, 564 U.S. at 307. The Court declines defendants' invitation to use that weaponry here. Defendants' complaints regarding the propriety of the State's lawsuit have been repeatedly raised with the state courts, and this Court has no reason to believe that those courts are not capable of appropriately addressing those concerns. Accordingly,

---

[34] Defendants assert that they are "not ask[ing] this Court to order the State of Louisiana to do anything," but, in the very next sentence, "ask[ ] this Court to enjoin a state court proceeding." R. Doc. No. 111, at 4. Enjoining a state-court proceeding initiated by the State of Louisiana would quite obviously have the effect of preventing the State from moving forward on its claim against Tonti.
[35] *See* R. Doc. No. 100-1, at 4.

14

**IT IS ORDERED** that the motion is **DENIED**.

New Orleans, Louisiana, October 28, 2022.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**